Totten, J.,
delivered the opinion of the court.
There was a public road of the first class, long established, *463 extending from Memphis by Germantown to Collierville. At the January term, 1849, the county court of Shelby granted to the Memphis and Germantown Turnpike Company the right of way over said road; that is, the right to construct a plank turnpike over and upon the same, or so much thereof as they might deem it expedient to use for that purpose. This road was known as the “ Old State Line Road.” The company constructed their turnpike on the bed of the old road to Mr. Garrett’s farm, four and a half miles east of Memphis. At that place the turnpike diverged from the old road, on the north side, and passing through Mr. Garrett’s farm, a distance of three quarters of a mile, again intersected the old road and continued on its bed.
In 1846, a public road of the first class, called the “ New State Line Road,” was opened and established, extending from Beal Street, South Memphis, due east four and a half miles, to a point of intersection with the Old State Line Road, where it connected and was continuous with this latter road. This point of intersection is at that part of the old road, where the plank road leaves it; that is, about half way of the part not used by the plank road. The effect is, that the New State Line Road has no connexion with the plank road; and the old road has been closed Mr. Garrett’s fence, so that the public are excluded from continuing on it, east to where the plank road again intersects it. This road was closed by an agreement between the turnpike company and Mr. Garrett — he consenting that they should extend their turnpike through his farm instead of pursuing the old road, ¡and they agreeing that he might close the old road, and that they would indemnify him in so doing. Mr. Garrett has opened a new road, extending due south from the Old to the New State Line Road, a distance of nearly a half mile. This is on his west boundary and west of the intersection of said roads. The effect of these changes is, that the New State Line Road is entirely ob *464 structed by Ml-. Garrett’s fence, unless the public choose to travel the new road, that he, by his own act, has opened. To redress this grievance, the county court ordered that the New State Line Road be kept open and in order, from Memphis to the point of intersection with the plank road. From this order, Mr. Garrett appealed to the circuit court, where said order was reversed and annulled; and thereupon, Robertson Topp, a party to said proceeding, has appealed to this court.
The turnpike company had the right to construct the plank road “ upon and over the bed of the old road.” That was the extent of the grant; and so far as it was so occupied, it became thereby extinguished as a public road. Certainly, they could have no right to make their road on a route materially varying from the old road, as they did, and to obstruct and close the old road or confer any right upon another to do so, as was attempted in the present case. For, the effect is, to obstruct the intersection and outlet of another road, much used and of much utility to the public. It is no answer to this to say that they can travel Mr. Garrett’s new road. That is not a public road, and it continues open only at sufferance. If it be just and right to establish it, let it be done legally, by order of the county court; that court having exclusive original power to establish, alter and abolish public highways. If the turnpike had continued on the bed of the old road, the New State Line Road would have connected with it, where it had connected with the old road; and this no doubt was the intention of the county court. Certainly, there is nothing in their order from which a different intention can be inferred ; and in that case, the public convenience would have been accommodated in the same manner as before. But the turnpike departs from the bed of the old road where it intersects with the New State Line Road, and by fences and obstructions that road is cut off from any connexion with the old road or the plank road ; and the public are thus forced to abandon a *465 valuable public road and to travel upon the plank road ; unless they consent to take Mr. Gan'ett’s new cross-road, which does not go in direction to Memphis, but at right angles from it, and increases the distance to the city some half mile. We can perceive that these changes will probably have the effect to enhance the income of the turnpike company, and so it would be further enhanced if other public roads presenting any competition to the turnpike, were in like manner obstructed and discontinued. But this road has been established several years — has been much used, and is of considerable public utility, as it appears from the proof before us. It is not to be supposed that the convenience and advantages afforded by this road, are to be sacrificed in order to promote the interests of the turnpike company.
There is no pretence for the objection that the tolls of the turnpike will be unjustly evaded ; for the proposition is not to make a new road for that purpose, or to have that effect, but to keep open an old one, well known and established before the turnpike was constructed.
If the turnpike company had thought proper to do so, it might in like manner have obstructed the connexion of every other public road with the oldroad, over which it had the right of way and thus great inconvenience have been done to the public. But no such right or power exists in the company or was intended to be conferred by the order upon which they rely in the present case.
The jndgment in the circuit court will be reversed, and the orders of the county court made herein, be affirmed, and a procedendo will go to the county court to carry its orders into effect.